*1171 The opinion of the court was delivered by
DeBlanc, J.
In the information as at first filed by the district ■attorney, he charged that — on the 20th of November 1876 — defendant did feloniously, wilfully and of his malice aforethought, shoot and wound with intent to commit murclcr. He, afterwards, with leave of the Court, amended the information, and charged that defendant’s intent was to kill and murder.
The prisoner’s counsel objected to the amendment: his objection was overruled and he reserved a bill of exceptions which he did not file, under the impression — at least we so presume — that his reservation was sufficient and would stand in lieu of a bill. If we are not mistaken as to the impression under which he acted, the counsel was mistaken as to ■the purpose of the Statute of 1877, which amends the 488th article of the Code of Practice. That article, before and since the amendment, relates to exclusively the exceptions reserved on the trial of suits and not of criminal prosecutions. This is self-evident.
C. P. 488 — Acts of 1877, p. 176.
The prisoner was tried and three successive verdicts returned against him, the two first in these words : “ Guilty, with intent to kill - and the third and last one in these: “ Guilty of inflicting a wound less than mayhem, with intent to kill.”
Defendant applied for a new trial on the grounds:
1. That — after the trial had commenced — the information could not ■have been amended as to a matter of substance.
2. That, as amended, the information charged the commission of ■two distinct crimes in one count, and is bad for duplicity.
8. That the Judge erred in refusing to charge the Jury, as he was ■asked to do — that, unless it was proven beyond a doubt that the prison•er’s intention was to murder, he should be.acquitted — that malice is the •essence of the crime charged and must be established, and that proof •which — in case of the death of the wmunded party — would have justified ■a conviction for manslaughter, could not justify any conviction under 'the information.
4. The first verdict rendered by the Jury should have been recorded, and the Judge could not legally have instructed them, after said ■verdict, that — if they so found — they could declare the prisoner guilty •under sections 793, 794 and 972 of the Revised Statutes.
5. The third verdict — that which was recorded — is not responsive •to the information.
I
The amendment allowed by the Court was entirely useless: the •original information charged that the prisoner shot and wounded with Intent to commit murder, and — under that information — the prisoner *1172 could have been found guilty of the lesser offense, that of inflicting"a. wound less than mayhem, with intent to kill. 28th A. 434; Revised. Statutes.
“ A motion for a new trial is based upon the supposition that injustice has been done to the prisoner, and unless such is shown to have-been the case, the application is invariably denied.” The record which, we have under consideration does not disclose any error which could' have caused injury to the prisoner.
State vs Brown, 16 A. 384; Waterman’s Criminal Digest, p. 44, No. 4; Wharton’s Crim. Law, Sect. 384 ; Chitty’s Crim. Law 638; Bishop’s Crim. Law, Sects 885, 887 and 888.
II
There is no difference between the offence of shooting with intent to-commit murder, and that charged, in the amended information “ of wilfully, feloniously and with malice aforethought, shooting with intent to kill and murder. When preceding the qualification “ murder,” the qualification “ kill” is a mere surplusage. To murder, to kill and murder, to shoot with intent to murder or with intent to kill and murder constitute only two and not four distinct offences. It would be different, if, to a charge “ with intent to kill, the State Attorney^ were to attempt to add' “ and murder.” If allowed, such an amendment would amount to a new information, for an offense of a higher grade than that charged-in the first.
III
The Judge did not refuse to charge that malice is of the essence of the crime of murder and intent to murder, but charged — in substance — that, though not guilty of the greater, the prisoner might be guilty of a lesser offence, and that — if the jury so found — they were, not absolutely bound to acquit him, as contended by his counsel, but that they could return against him a verdict for any offence of the same class as that charged in the information, but of a lower grade than-that, for the presumed commission of which he was informed against.. This instruction was in strict accordance with the legislation and jurisprudence of our State.
Rev. Statutes, Sect 1053.
IY
The first and second verdicts were informal, and the court properly-informed the Jury of that fact. He, then, gave them additional instructions, without any objection on the prisoner’s part: they, thereafter, retired to deliberate and brought in a verdict of “guilty of inflicting a wound less than mayhem) with intent to kill.” In this there was-mo irregularity.
*1173 Y
The prisoner’s counsel contends that the last verdict is not responsive to the information, and — to obtain its reversal — he relies on the decision rendered, by this Court in the case' of the State against Pratt, in which it was held: “ that the charge of inflicting a wound less than •mayhem,” is not “necessarily included in a charge of shooting with a ‘dangerous weapon, with the intent to kill and murder.”
Entertaining, as we sincerely do, the most profound respect for the -acknowledged ability and learning of those who then composed the 'Supreme Court of the State, we have attentively read and considered the decision referred to, and we are constrained, though' not without hesitation, to differ in opinion with them. To inflict a wound less than mayhem, to do so with a shotgun and with intent to kill, is to do that which — if done with malice aforethought — -would partly constitute the crime of murder. To thus shoot, wound and attempt to destroy life, is to perpetrate an offence which- — it seems — belongs to but one class of crimes, that charged in the information. In both, the intent to kill must exist and be, in part, carried into execution: the only difference between those offences is that one is premeditated and the other not. They do not necessarily differ in the instrument used, and — in both — the assailant’s purpose is to kill: without that purpose and without the infliction of a wound, neither can be committed. To shoot and wound with intent to murder, is to perpetrate a crime higher — by only one degree — to the offence of shooting and inflicting a wound less than mayhem, with intent to kill; the latter is ever included in the former and as inseparable from út as the assault from the battery.
“Under an indictment for a felony, the accused may be convicted of a misdemeanor, when both offences belong to the same generic class, ®nd the information for the higher offence contains all the averments tnecessary to let in proof of the misdemeanor.”
Waterman’s U. S. Crim. Digest, p. 639, Nos. 34 and 31; 28 A. 434 ; <6 A. 286 ; 14 A. 830 ; 13 A. 243 ; 12 A. 625.
“ Generally speaking — says Wharton — where an accusation includes -.an offence of an inferior degree, the jury may discharge the defendant of the high crime and convict him of the less atrocious, and in such •a case it is sufficient if they find a verdict of guilty of the inferior offence and take no notice of the higher.”
Wharton’s Orim. Law, Sect. 384.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed.